UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY AND DIANE CARLSON | CIVIL ACTION |
| VERSUS | CASE NO. 17-469 |
| LOUIS ACKAL ET AL | JUDGE: NJB |

**ORDER AND REASONS**

Pending before the Court is Defendant Louis Ackal's ("Ackal") "Federal Rule Civil Procedure Rule 12(b)(6) Motion to Dismiss,"[1] wherein Defendant seeks dismissal of the case, claiming that Plaintiffs Timothy and Diane Carlson (collectively, "Plaintiffs") entered into a valid and enforceable settlement in the predecessor case (hereinafter, "Carlson I), which dismissed with prejudice all causes of actions against Ackal and Defendants Bryon Lassalle ("Lassalle") and Jason Comeaux ("Comeaux") (collectively, "Defendants"). Ackal asserts that Plaintiffs have failed to meet their burden in proving that fraud and/or error vitiated Plaintiffs' consent to the settlement agreement, which is required to nullify the settlement agreement. Having considered the motions, the memoranda, the record, and the applicable law, the Court will grant Defendant's motion and dismiss this case with prejudice.

**I. Background**

A. *Prior Litigation: Carlson I*

On August 6, 2012, Plaintiffs filed suit, Case No. 12-2109, in the Western District of

---

[1] Rec. Doc. 22.

1

Louisiana against Defendants.[2] Plaintiffs amended their Complaint on March 12, 2013.[3] In the Amended Complaint, Plaintiffs brought claims under 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments, and under Louisiana law, asserting that Defendants illegally searched Plaintiffs' home and assaulted, falsely arrested, and illegally detained Plaintiff Diane Carlson.[4] Plaintiffs asserted that Defendants violated Diane Carlson's constitutional rights, took away her physical liberty, and caused her physical pain and suffering, as well as emotional trauma.[5] Further, Plaintiffs asserted that Defendants violated Plaintiff Timothy Carlson's constitutional rights and caused him emotional trauma and suffering.[6] The case was dismissed with prejudice on December 6, 2013, after the parties informed the court they had reached an agreement to settle the case for $10,000.[7]

B.   *Case at Bar: Carlson II*

In the case at bar (hereinafter, "Carlson II"), Plaintiffs filed suit on March 29, 2017, reasserting the claims raised in Carlson I and arguing that Plaintiffs were induced by fraud, error, and/or mistake into entering into the settlement agreement in Carlson I.[8] Plaintiffs filed an Amended Complaint on July 10, 2017.[9] In the Amended Complaint, Plaintiffs contend that Defendants Lassalle and Comeaux lied in their depositions in Carlson I, because Defendants

---

[2] Rec. Doc. 1 (Case No. 12-2109).

[3] Rec. Doc. 30 (Case No. 12-2109).

[4] *Id.*

[5] *Id.* at 6.

[6] *Id.* at 6–7.

[7] Rec. Doc. 37.

[8] Rec. Doc. 1.

[9] Rec. Doc. 13.

Lassalle and Comeaux later admitted to lying in depositions when testifying in a federal criminal case against Ackal.[10] Therefore, Plaintiffs allege that "upon information and belief," Defendants Lassalle and Comeaux lied during the depositions in Carlson I, as their testimony contradicted Plaintiffs' testimony.[11] In the Amended Complaint, citing "fraud and/or error and/or mistake," Plaintiffs stated that "[w]ithout [Defendants Lassalle and Comeaux's] false testimony, Plaintiffs aver that they would not have agreed to such a nominal settlement considering the gravity of their allegations."[12]

On August 22, 2017, Ackal filed the instant motion to dismiss.[13] Plaintiffs filed an opposition to the motion on September 12, 2017.[14] Ackal, with leave of Court, filed a reply in further support of the motion to dismiss on October 12, 2017.[15] On July 26, 2018, the case was reassigned to the undersigned Chief United States District Judge.[16]

## II. Parties' Arguments

### A. *Ackal's Arguments in Support of Motion To Dismiss*

Ackal argues that this case should be dismissed because Plaintiffs have not properly plead fraud or error in their attempt to nullify the prior settlement agreement.[17] Defendant Ackal contends that in the Amended Complaint Plaintiffs admit that they knew that Defendants Lassalle

---

[10] *Id.* at 9–10.

[11] *Id.* at 10.

[12] *Id.* at 10.

[13] Rec. Doc. 22.

[14] Rec. Doc. 27.

[15] Rec. Doc. 35.

[16] Rec. Doc. 38.

[17] Rec. Doc. 22-1.

and Comeaux provided false deposition testimony before they entered the settlement agreement.[18] Ackal asserts that because Diane Carlson was personally involved in the events that gave rise to Plaintiffs' causes of action, she would be in the best position to identify whether Defendants Lassalle and Comeaux lied in their depositions in Carlson I.[19] Ackal argues that Plaintiffs cannot nullify the settlement agreement merely because their case became stronger after the settlement concluded.[20] Moreover, Ackal contends that the Louisiana Civil Code articles governing contracts, fraud, consent, and error do not allow parties to rescind an otherwise legitimate settlement agreement merely because a party has discovered evidence that will help "discredit the other [party]."[21]

Last, Ackal contends that this case is similar to *Cal Dive Intern, Inc. v. Schmidt*, where the Cal Dive sought to rescind a settlement agreement because post-settlement surveillance showed Schmidt performing physical activities beyond his claimed limitations.[22] On appeal, Ackal asserts that the Fifth Circuit held that Cal Dive could not state a cause of action for fraudulent inducement because Cal Dive never believed Schmidt's misrepresentations.[23] Plaintiffs did not rely on Defendants Lassalle and Comeaux's misrepresentations, because while these misrepresentations may have been one of the reasons Plaintiff settled, Plaintiffs admit that they never believed Lassalle

---

[18] *Id.* at 2, 5 (citing Rec. Doc. 13 at ¶30). Ackal states that he does not admit to Plaintiffs' allegation that the testimony was false. *Id.* at n.6.

[19] *Id.* at 5.

[20] *Id.* at 5–6 (citing *In re Deepwater Horizon*, 786 F.3d 344, 363 (5th Cir. 5/13/15) and *Brown v. Drillers, Inc.*, 630 So.2d 741, 757 (La. 1994)).

[21] *Id.* at 6 (citing La. Civ. Code arts. 1927, 1948–1965, 2029–2035).

[22] *Id.* at 7 (citing 639 F. App'x 214 (5th Cir. 2016)).

[23] *Id.* at 8 (citing *Cal Dive*, 639 F. App'x at 218).

and Comeaux's testimony was truthful.[24] Therefore, Ackel contends that because Plaintiffs cannot show fraud or error because they "agreed to the settlement in spite of the deputies' misrepresentations, not in reliance upon them."[25]

### B. *Plaintiffs' Arguments in Opposition to Defendant Ackal's Motion to Dismiss*

In opposition, Plaintiffs state that they agreed to settle their claims against Defendants in Carlson I because of the deposition testimony of Defendants Lassalle and Comeaux, who testified that their arrest of Plaintiff Diane Carlson was lawful and that Diane Carlson attacked them.[26] Plaintiffs assert that Defendants Lassalle and Comeaux admitted in their testimony in the federal criminal action against Ackal that they lied in prior depositions, and Comeaux admitted to lying in "all" of his prior depositions.[27] Plaintiffs also note that "both Comeaux and Lassalle pled guilty to a variety of federal crimes centered around using excessive force against individuals during their tenure at IPSO."[28] Plaintiffs contend that they have pleaded fraud with specificity in the Amended Complaint by pleading that Defendants Lassalle and Comeaux made material misrepresentations in their depositions in Carlson I with the intent to damage Plaintiffs' case against them and that these misrepresentations "substantially influenced their decision to settle because they willfully failed to corroborate the truth and that their actions hindered Plaintiffs' ability to win at trial."[29]

---

[24] *Id.* at 8.

[25] *Id.*

[26] Rec. Doc. 27.

[27] *Id.* at 3–4.

[28] *Id.* at 4.

[29] *Id.* at 6.

In the Opposition, Plaintiffs also allege for the first time that allowing this settlement agreement to stand violates public policy, as it would encourage defendants to lie in future cases.[30] Plaintiffs also seek discovery so that they can directly ask Defendants Comeaux and Lassalle whether they lied in their depositions in Carlson I.[31] In addition, Plaintiffs argue that the Iberia Sheriff's Office and Ackal directed deputies to lie under oath in civil cases as a policy, practice, procedure, and custom and that Ackal personally encouraged Defendants Lassalle and Comeaux to lie in their depositions in Carlson I.[32] Accordingly, Plaintiffs assert that the motion to dismiss should be denied because the complaint states legitimate causes of action against all of the defendants.[33]

## C. Ackal's Arguments in Further Support of Motion to Dismiss

In the reply, Ackal reasserts his argument that "a post-compromise change in the relative merits of a case does not warrant rescission of a settlement."[34] Ackal also argues that Louisiana public policy "favors compromise agreements and finality of settlements."[35] Because Plaintiffs, "with the advice of counsel, made an informed, tactical decision to settle the underlying case," Ackal contends that the motion to dismiss should be granted.[36]

---

[30] *Id.*

[31] *Id.* at 7.

[32] *Id.* at 8.

[33] *Id.* at 9.

[34] Rec. Doc. 35 at 1–2.

[35] *Id.* at 2.

[36] *Id.*

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[37] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[38] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[39] "Factual allegations must be enough to raise a right to relief above the speculative level."[40] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[41]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[42] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[43] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[44] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[45] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a

---

[37] Fed. R. Civ. P. 12(b)(6).

[38] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[40] *Twombly*, 550 U.S. at 556.

[41] *Id.* at 570.

[42] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[43] *Iqbal*, 556 U.S. at 677–78.

[44] *Id.* at 679.

[45] *Id.* at 678.

cause of action.[46] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[47] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[48] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[49]

Where a party alleges fraud or mistake, Federal Rule of Civil Procedure 9(b) requires that those allegations "state with particularity the circumstances constituting fraud or mistake."[50] "What constitutes 'particularity' will necessarily differ with the facts of each case . . . ."[51] "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[52] As the Fifth Circuit instructs, this Court applies Rule 9(b) to fraud claims "with 'bite' and 'without apology.'"[53] Such claims must contain "simple, concise, and direct"

---

[46] *Id.*

[47] *Id.*

[48] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[49] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[50] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009).

[51] *Guidry v. Bank of LaPlace,* 954 F.2d 278, 288 (5th Cir. 1992).

[52] *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation omitted).

[53] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d at 185.

allegations of the "circumstances constituting fraud," which "must make relief plausible, not merely conceivable, when taken as true."[54]

### IV. Analysis

In the Amended Complaint, Plaintiffs argue that the settlement agreement they entered, wherein they agreed to dismiss with prejudice their claims in Carlson I in exchange for $10,000, should be nullified due to fraud or error, and they should be allowed to pursue those claims again in this action. In the motion to dismiss, Defendant Ackal argues that Plaintiffs have failed to "satisfy their burden of pleading facts sufficient to state a cause of action for fraud or error sufficient to vitiate the plaintiffs' consent to the settlement agreement in Carlson I." In opposition, Plaintiffs contend that they have pleaded fraud with specificity in the Amended Complaint, but do not respond to Defendant Ackal's arguments regarding error. In the opposition, Plaintiffs also allege for the first time that the settlement agreement should be voided as against public policy. Accordingly, the Court will address each of these issues in turn.

Whether federal or Louisiana law applies to questions regarding the validity of settlement agreements, or compromises, depends on whether the substantive rights and liabilities of the parties derive from federal or state law.[55] Here, Plaintiffs' settlement agreement with Defendants implicate both federal and state law, as they assert Section 1983 claims and U.S. constitutional law claims as well as claims under Louisiana law. Therefore, the Court will analyze Plaintiffs' claim that the settlement agreement should be set aside under both federal and state law.

---

[54] *Id.* at 186.

[55] *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984); *see also Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 308 (5th Cir. 2011) ("Federal law governs the release of federal claims in a contract.")

A.  *Federal Law*

As explained above, federal law governs the validity of a settlement agreement where the parties' rights are derived under federal law. Here, Plaintiffs assert, and released, federal Section 1983 claims as well as claims under the Fourth and Fourteenth Amendments. Under federal law, a settlement agreement can be invalided "because of fraud, duress, material mistake, or some other defense."[56]

1. *Fraud*

The Fifth Circuit has explained that federal contract law is nearly indistinguishable from general contract law.[57] "A court may set aside a settlement agreement induced by fraud," and "[t]he essential elements of fraudulent inducement into a settlement are no different from any action on fraud."[58] The elements of fraudulent inducement are:

> (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) *the party acted in reliance on ... the representation*; and (6) the party suffered injury.[59]

However, "a party may not challenge a settlement agreement on the basis of an alleged fraud that relates to the underlying merits of the claim that was settled."[60] To do otherwise "would allow a

---

[56] *Tyler*, 462 F. App'x at 308 (quoting *Smith v. Amedisys Inc.,* 298 F.3d 434, 441 (5th Cir. 2002)). While Plaintiffs did state in the Amended Complaint that the settlement agreement should be nullified due to "fraud and/or error and/or mistake," the parties did not address mistake in any of the briefing. As such, the Court will only analyze fraud under federal law, as "error" is unique under Louisiana law.

[57] *In re DEEPWATER HORIZON*, 786 F.3d 344, 354 (5th Cir. 2015).

[58] *Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645, 651 (5th Cir. 2018) (quoting *Deepwater Horizon I*, 786 F.3d at 354).

[59] *Id.* (quoting *Deepwater Horizon I*, 786 F.3d at 363).

[60] *Deepwater Horizon I*, 786 F.3d at 363 (internal quotation marks omitted).

party to reopen any settled litigation if he later discovered evidence bolstering his prior litigation position."[61] Therefore, a settlement cannot be invalidated solely "because one party's case becomes stronger after the settlement is concluded."[62]

Plaintiffs have not met their burden in demonstrating that relief under their fraud claim is plausible; rather, Plaintiffs have pleaded facts which demonstrate that they cannot succeed in their fraud claim. In the Amended Complaint, Plaintiffs allege that "[w]ithout [Defendants Lassalle and Comeaux's] false testimony, Plaintiffs aver that they would not have agreed to such a nominal settlement considering the gravity of their allegations."[63] In their Opposition, Plaintiffs reassert this argument, contending that that Defendants Lassalle and Comeaux made material misrepresentations in their depositions in Carlson I with the intent to damage Plaintiffs' case against them, which they allege "substantially influenced their decision to settle because they willfully failed to corroborate the truth and that their actions hindered Plaintiffs' ability to win at trial."[64]

While Plaintiffs have plead facts which would satisfy the first three factors—that Lassalle and Comeaux made a knowingly false material misrepresentation—Plaintiffs have not plead facts, that if taken as true, would show that Plaintiffs justifiably relied on the misrepresentation. In fact, the contrary is true, as Plaintiffs knew contemporaneously that Comeaux and Lassalle lied during their depositions in Carlson I, as Plaintiff Diane Carlson refuted their accounting of the underlying

---

[61] *Id.*

[62] *Id.*

[63] Rec. Doc. 13 at 10.

[64] Rec. Doc. 27 at 6.

11

events that gave rise to Plaintiffs' claims. Therefore, Plaintiffs cannot succeed on the justifiable reliance prong of fraudulent misrepresentation.

Furthermore, the Fifth Circuit has repeatedly stated that parties cannot seek to invalidate a settlement merely because their case on the merits grew stronger after the execution of a settlement agreement.[65] Here, Plaintiffs knew that Lassalle and Comeaux lied during their depositions, but only had evidence to impeach them after the parties had entered into a valid settlement agreement. Plaintiffs were not fraudulently induced into settlement, as they made a calculated decision on their chances of succeeding at trial, given the evidence at the time. Thus, Plaintiffs have failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(b), because Plaintiffs have failed to plead facts that make it plausible that the settlement agreement should be invalidated due to fraud under federal law.

## B.    *Louisiana Law*

A settlement agreement, which is referred to as a compromise under Louisiana law, is a legally binding contract between the parties.[66] "A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised."[67] However, a compromise can "be rescinded for error, fraud, and other grounds for the annulment of contracts."[68] A contract is formed by the consent of the parties;[69] however, under Louisiana law, consent may be vitiated by

---

[65] See, e.g., *Deepwater Horizon I*, 786 F.3d at 363; *Fisk Elec. Co.*, 894 F.3d at 651.

[66] La. Civ. Code art. 3071.

[67] La. Civ. Code art. 3080.

[68] La. Civ. Code art. 3082.

[69] La. Civ. Code art. 1927.

error, fraud, or duress.[70] "The party seeking rescission of a settlement agreement bears the burden of proving its invalidity."[71]

### 1. Fraud

Article 1953 of the Louisiana Civil Code defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Nevertheless, pursuant to Article 1954 "fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill."[72]

Here, Plaintiffs have not met their burden in demonstrating that relief under their fraud claim is plausible; rather, Plaintiffs have pleaded facts which demonstrate that they cannot succeed in their fraud claim. In the Amended Complaint, Plaintiffs allege that "[w]ithout [Defendants Lassalle and Comeaux's] false testimony, Plaintiffs aver that they would not have agreed to such a nominal settlement considering the gravity of their allegations."[73] In their Opposition, Plaintiffs reassert this argument, contending that that Defendants Lassalle and Comeaux made material misrepresentations in their depositions in Carlson I with the intent to damage Plaintiffs' case against them, which they allege "substantially influenced their decision to settle because they willfully failed to corroborate the truth and that their actions hindered Plaintiffs' ability to win at trial."[74]

---

[70] La. Civ. Code art. 1948.

[71] *Hancock Bank of Louisiana v. Holmes*, 09-1094 (La. App. 5 Cir. 5/25/10); 40 So. 3d 1131, 1135; *see also Hoover v. Boucvalt,* 99–0867 (La. App. 4 Cir. 11/24/99); 747 So.2d 1227, *writ denied,* 99–3610 (La. 2/18/00) 754 So.2d 969.

[72] La. Civ. Code. Art. 1954; *see also Shelton v. Standard/700 Assocs.*, 2001-0587 (La. 10/16/01); 798 So. 2d 60, 64.

[73] Rec. Doc. 13 at 10.

[74] Rec. Doc. 27 at 6.

While Plaintiffs have plead with particularity facts that would show, if true, that Defendants Comeaux and Lassalle made material misrepresentations in their depositions in Carlson I, they have also plead facts which show not only that Plaintiffs could have ascertained the truth without difficulty, but that Plaintiffs knew contemporaneously that Comeaux and Lassalle lied during their depositions in Carlson I, as Plaintiff Diane Carlson refuted their accounting of the underlying events that gave rise to Plaintiffs' claims. Specifically, Plaintiffs allege:

> Plaintiffs understood the difficulty associated with a civil rights suit where the defendants who used excessive force blatantly lied under oath about the true events that occurred on that fateful day. . . Plaintiffs knew that they had an uphill battle during the rest of the litigation based on the completely fabricated testimony of Comeaux and Lassalle, who obviously witnessed everything and could corroborate Plaintiffs' allegations if they told the truth.[75]

Furthermore, Plaintiffs allege that they decided to enter the settlement agreement "based off of [Comeaux and Lassalle's] damaging testimony."[76] Therefore, because fraud will not vitiate consent if the persons against whom the fraud was committed knew of the misrepresentation or could have easily discovered it, the Court finds that Plaintiffs cannot succeed in their claim that Plaintiffs' consent was vitiated by fraud and that, therefore, the settlement agreement should not be rescinded. As such, Plaintiffs have failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(b), because Plaintiffs have not plead facts that make it plausible that the settlement agreement should be invalidated due to fraud under Louisiana law.

### 2. *Error*

As explained above, compromises are favored in the law and the burden of proving the invalidity of a compromise is on the party attacking the settlement. "The mere fact that a bad

---

[75] Rec. Doc. 13 at 8.

[76] *Id.*

bargain was made is not in itself a sufficient ground for invalidating the compromise."[77] However, because consent is an essential element of every contract, a contract may be invalidated if the consent was produced by error.[78] Article 1949 of the Civil Code sets forth that error "vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party."

Here, the only allegations in the Amended Complaint that relate to error are thus: "Accordingly, the settlement agreed-upon by Plaintiffs was induced by fraud and/or error and/or mistake, considering the fact that it was only agreed-to because of Comeaux and Lassalle's false testimony."[79] Plaintiffs allege that had they known that Defendants would later admit to lying in their deposition testimony, they would not have settled the case for the "nominal" amount of $10,000.

Plaintiffs have not met their burden in pleading error. In fact, like with their fraud claim, the alleged facts pleaded by Plaintiffs prove that they cannot succeed on their claim that error vitiated their consent. Plaintiffs entered into the settlement agreement, knowing that Defendants Comeaux and Lassalle lied during their depositions in Carlson I, because their testimonies contradicted Plaintiffs' recollection of events. Just because Plaintiffs' case now appears stronger, as there may be evidence that Defendants Comeaux and Lassalle lied during their depositions in Carlson I, does not mean the Plaintiffs did not willingly and knowingly enter into the compromise agreement, which settled Carlson I. Thereofre, Plaintiffs have failed to state a claim upon which

---

[77] *Saunders v. New Orleans Pub. Serv., Inc.*, 387 So. 2d 603, 605 (La. App. 4th Cir. 1980), *writ denied*, 394 So. 2d 614 (La. 1980).

[78] *Id.*

[79] Rec. Doc. 13 at 10.

15

relief can be granted, pursuant to Rule 12(b)(b), as Plaintiffs have not plead facts which make it plausible that the settlement agreement should be invalidated due to error under Louisiana law.

3. *Public Policy*

In the opposition, Plaintiff raises for the first time the argument that the settlement agreement at issue violates public policy, because allowing it to stand when Defendants Comeaux and Lassalle allegedly lied in their depositions, "would surely encourage defendants to lie in future cases." In the reply, Defendant Ackal asserts that to the contrary, "Louisiana public policy favors compromise agreements and finality of settlements."

It is well established that Louisiana's public policy favors compromise agreements and the finality of the settlements.[80] The Louisiana Supreme Court has stressed "the importance and strength of the Civil Code principles establishing freedom to contract [and the] liberty to compromise and avoid litigation regarding all types of controversy."[81] However, the Revision Notes to Article 3082 of the Louisiana Civil Code, which outlines when a compromise may be rescinded, expressly states that a "compromise against public policy can be set aside on those grounds."[82] As explained above, the party attempting to invalidate the settlement agreement bears the burden of proving its invalidity.

Plaintiff did not assert in the Amended Complaint that the settlement agreement was against public policy and raised it for the first time in the Opposition to Ackal's Motion to Dismiss.

---

[80] *Hamsa v. Hamsa*, 05-219 (La. App. 5 Cir. 12/27/05), 919 So. 2d 776, 778 (citing *Millet v. Millet* 04-406 (La. App. 5 Cir. 10/26/04), 888 So.2d 291, 293-94); *see also Lavan v. Nowell*, 95-836 (La. App. 3 Cir. 7/3/96), 676 So. 2d 1192, 1195, *writ granted, cause remanded*, 96-1973 (La. 11/8/96), 683 So. 2d 255 ("Compromise agreements between parties to avoid litigation are favored by law . . . ."); *Interest—Rescinding or setting aside compromise*, 1 La. Prac. Series § 6:182 ("The law strongly favors compromise agreements between parties and will not invalidate settlements absent a strong showing that they violate good morals or the public interest because of error, bad faith, or fraud.").

[81] *Daigle v. Clemco Indus.*, 613 So. 2d 619, 623 (La. 1993).

[82] La. Civ. Code. Art. 3082, cmt. (c).

After citing to the general rule that compromise agreements can be set aside when they violate public policy, Plaintiffs cite no statutory or jurisprudential support for their argument that the instant compromise agreement violates Louisiana's public policy, except to state that allowing this compromise to stand could encourage defendants to lie in future cases. Furthermore, the Court could find no case law or statute that would lead the Court to find that Defendants Lassalle and Comeaux's alleged lying in these depositions, misrepresentations which Plaintiffs never believed, let alone relied upon, would invalidate the compromise agreement as against Louisiana public policy, particularly when Louisiana law favors enforcement of a compromise. As such, Plaintiffs have failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(b), because Plaintiffs have not plead facts that make it plausible that the settlement agreement should be invalidated as against Louisiana's public policy.

### IV. Conclusion

The Court will grant Ackal's motion to dismiss, finding that Plaintiffs have failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), because Plaintiffs have not met their burden to plead facts that show that it is plausible that the settlement agreement should be nullified as against public policy or rescinded because of error or fraud. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Louis Ackal's Motion to Dismiss is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __29th__ day of August, 2018.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**
                                                **EASTERN DISTRICT OF LOUISIANA**